MASON v. STATE.

Opinion delivered November 21, 1921.

INJUNCTION—NOTICE OF DECREE.—Where the record shows that on the 10th day of December, 1915, a temporary injunction was issued against appellant prohibiting him from selling intoxicat-

ing liquors in a certain building, and that on the —— day of December, 1915, the temporary injunction was, by consent of appellant's counsel, made permanent, it sufficiently appears that the permanent injunction was made by consent after the temporary injunction was granted, and appellant will not be heard to say that he had no notice of the entry of the decree of injuction.

Certiorari to Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*H. K. Toney* and *Caldwell, Triplett & Ross,* for appellant.

The order of December 10, 1915, was temporary only. § 6199, C. & M. Digest. To make the order permanent appellant should have had five days notice previous to the hearing. *Id.*

The record shows that he had no such notice.

Appellant should not have been punished for contempt. §§ 5817, 5818, C. & M. Digest; 22 Cyc. 1013.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

The amended record will reflect that appellant had legal notice of the decree entered on Dec. 10, 1915. Whether he had such notice or not, the judgment in the contempt proceeding ought not to be quashed, because, under the statute, § 6202, C. & M. Digest, appellant could be punished for violating either a temporary or permanent injunction.

There is no bill of exceptions showing the testimony heard in the contempt proceeding. The testimony not being shown, this court will presume that the lower court's judgment was correct. 109 Ark. 543; 139 Ark. 415.

HUMPHREYS, J. This is an appeal from a decree of the Jefferson Chancery Court rendered on the 27th day of June, 1921, imposing a fine of $50 and a jail sentence of six months upon appellant for an alleged violation of an order entered in said court on the 10th day of December, 1915, under the provisions of section 6196 of Crawford & Moses' Digest, prohibiting ap-

pellant from selling intoxicating liquors in a building located at No. 225 State street, Pine Bluff, Arkansas. A reversal is sought upon the ground that the record does not reflect that appellant had notice of the application for the order or the making thereof, or that a copy of the order was served upon him. At the time appellant filed his brief, the record reflected that a temporary injunction had been issued against him on the 10th day of December, 1915, ordering the building closed at No. 225 State Street, and prohibiting him from selling intoxicating liquors therein. But since that time the record has been perfected by certiorari so as to show that on the —— day of December, 1915, the temporary injunction was modified by the consent of appellant's counsel in open court so as to restore the building to appellant, but making permanent that part of the temporary decree prohibiting him from selling intoxicating liquors therein. This correction in the record eliminates the contention of appellant that he had no notice of the entry of the decree of injunction, for the violation of which he was fined and sentenced to serve a term in the jail of Jefferson County.

While the record, as it stands, does not show the date in December, 1915, when the temporary injunction was made permanent, it does show that it was made permanent after the temporary decree was made. So, under the rule that every presumption will be indulged in favor of the validity of a decree, this court must indulge the presumption that on the same day, to-wit, on the 10th day of December, 1915, after temporary order had been entered, the parties appeared and had it modified by consent so as to restore the building to appellant, and to enjoin him from selling intoxicating liquors therein.

No error appearing, the decree appealed from imposing a fine and jail sentence upon appellant for violating the order of injunction of date December 10, 1915, is affirmed.